

**PHILIP R. SELLINGER**
United States Attorney

**LINDSEY R. HARTEIS**
Assistant United States Attorney

U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE   856/757-5026
401 Market Street, 4ᵗʰ Floor                Fax: 856/968-4917
Post Office Box 2098                        Direct Dial: 856/757-5142
Camden NJ 08101-2098

December 17, 2021

LRH:2020R00949/Dwayne Vandergrift
Plea Agreement

James S. Friedman, Esquire
James S. Friedman, LLC
5 Elm Row, Suite 300
New Brunswick, New Jersey 08901

Re: <u>Plea Agreement with Dwayne A. Vandergrift, Jr.</u>

Dear Mr. Friedman:

This letter sets forth the plea agreement between your client, Dwayne A. Vandergrift, Jr. and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on **January 17, 2022** if it is not accepted in writing by that date.

<u>The Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from defendant Dwayne A. Vandergrift, Jr. to an Information charging him with malicious use of explosive materials, in violation of 18 U.S.C. § 844(i). If Dwayne A. Vandergrift, Jr. enters a guilty plea and is sentenced on the above charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Dwayne A. Vandergrift, Jr. related to the bombing of the "GCity Crossfit" located at 514 South Broadway, in Gloucester City, New Jersey on or about August 26, 2020 or the execution of a search warrant on or about August 28, 2020 at Dwayne A. Vandergrift, Jr.'s residence, as outlined in the criminal complaint docketed at 20-mj-07010 (SAK). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Dwayne A. Vandergrift, Jr. may be

relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dwayne A. Vandergrift, Jr.'s activities and relevant conduct with respect to this case.

## Stipulations

This Office and Dwayne A. Vandergrift, Jr. agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Dwayne A. Vandergrift, Jr. from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Dwayne A. Vandergrift, Jr. waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Restitution

Pursuant to 18 U.S.C. § 3663A, Dwayne A. Vandergrift, Jr. agrees to pay restitution to the victims of the offense to which Dwayne A. Vangergrift, Jr. is pleading guilty. Dwayne A. Vandergrift, Jr. also agrees that the Court may order restitution to any victim of any relevant conduct, as defined in the United States Sentencing Guidelines, Section 1B1.3, in connection with the offenses to which Dwayne A. Vandergrift, Jr. is pleading guilty.

## No Other Promises

This agreement constitutes the plea agreement between Dwayne A. Vandergrift, Jr. and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

BY: _____
LINDSEY R. HARTEIS
Assistant U.S. Attorney

APPROVED:

_____
MOLLY S. LORBER
Attorney-in-Charge, Camden

5

Plea Agreement With Dwayne A. Vandergrift, Jr.

Schedule A

1. This Office and Dwayne A. Vandergrift, Jr. recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Dwayne A. Vandergrift, Jr. nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline for the violation of 18 U.S.C. 844(i) is U.S.S.G. § 2K1.4. This Guideline carries a Base Offense Level of 24. See U.S.S.G. § 2K1.4(a)(1).

4. As of the date of this letter, Dwayne A. Vandergrift, Jr. has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Dwayne A. Vandergrift, Jr.'s acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, Dwayne A. Vandergrift, Jr. has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Dwayne A. Vandergrift, Jr.'s offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Dwayne A. Vandergrift, Jr. enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Dwayne A. Vandergrift, Jr.'s acceptance of responsibility has continued through the date of sentencing and Dwayne A. Vandergrift, Jr. therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Dwayne A. Vandergrift, Jr.'s offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Dwayne A. Vandergrift, Jr. is 21 (the "agreed total Guidelines offense level").

7. The parties agree not to seek or argue for any upward or downward departures (at Step II of Sentencing), adjustments or variances not set forth herein. Dwayne A. Vandergrift, Jr. reserves the right to move for a reduced sentence pursuant to the relevant factors



PHILIP R. SELLINGER
United States Attorney

LINDSEY R. HARTEIS
Assistant United States Attorney

U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

*CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE*   856/757-5026
*401 Market Street, 4th Floor*                Fax: 856/968-4917
*Post Office Box 2098*                 Direct Dial: 856/757-5142
*Camden NJ  08101-2098*

March 22, 2022

James S. Friedman, Esquire
James S. Friedman, LLC
5 Elm Row, Suite 300
New Brunswick, New Jersey 08901

    Re:    <u>Plea Agreement with Dwayne A. Vandergrift, Jr.</u>

Dear Mr. Friedman:

This letter supplements the plea agreement to clarify that the appellate/collateral attack waiver provision in the agreement does **not** apply to:

1. Any proceeding to revoke the term of supervised release.
2. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).
3. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

Please confirm that Mr. Vandergrift understands and accepts this clarification by signing where indicated below. Thank you.

    Sincerely,

    BY:    LINDSEY R. HARTEIS
             Assistant U.S. Attorney

Signed this 14 day of MAR, 2022 by:

/s/ [signature]
**Defense Counsel**

/s/ DWAYNE VANDUGRIFT
**Defendant**
(W/ AUTHORITY)

2